**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
UNITED STATES OF AMERICA,      :

                              :        99 Cr. 73 (JFK)
   -against-                **Memorandum Opinion**
                              :           **& Order**
JOSE URENA,
                              :
         Defendant.
------------------------------X
**JOHN F. KEENAN, United States District Judge:**

        Defendant Jose Urena ("Urena") has sent letters to the Court requesting appointment of counsel to help him raise various challenges to his conviction and sentence and to move for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the request is denied.

        Urena was convicted by a jury on February 22, 2000 for trafficking in and conspiring to traffic in cocaine, crack cocaine and heroin, in violation of Title 21 U.S.C. §§ 841, 846, and 851.

        Sentencing was held on February 14, 2001 before the late Judge Schwartz. The Court determined that the evidence at trial—which included testimony from Eddie Sanchez, a cooperating witness, Urena's common law wife, and a detective to whom Urena sold heroin—overwhelmingly established that Urena's activities involved more than one but less than three kilograms of heroin. This amount of heroin corresponded to a base offense level of 32 under the United States Sentencing Guidelines ("U.S.S.G." or

"the Guidelines"). The Court upwardly adjusted Urena's offense level to a level 35 based upon its finding that he acted as a manager or supervisor. The Court then determined that he was a career offender, triggering a Criminal History Category of VI and an offense level of 37 pursuant to U.S.S.G. § 4B1.1. This yielded an applicable guideline range of 360 months to life. However, the Court granted Urena's request for a downward departure based on various factors, including his youth and the fact that a co-conspirator with a less serious criminal history received a sentence of only 210 months. The Court sentenced Urena to 270 months in prison, to be followed by a ten-year term of supervised release.

Urena's judgment of conviction was affirmed by the United States Court of Appeals for the Second Circuit, and his application for a writ of certiorari was denied on June 28, 2002.

On July 14, 2003, Urena filed a petition pursuant to 28 U.S.C. § 2255. The Court denied the petition as untimely under the one-year deadline established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Urena then filed two motions asking the Court to reconsider the denial of his § 2255 petition. These motions were denied on January 10, 2007 and March 27, 2007. On February 8, 2008, the Second Circuit denied

Urena a certificate of appealability from the order denying his § 2255 petition.

In a letter to the Court dated August 18, 2008, Urena requests that an attorney be appointed to help him prove that he is not a career offender, that he did not play a managerial or supervisory role in the conspiracy, that the offense involved less than a kilogram of narcotics, and that "Sanchez lied." Presumably, these arguments would be offered in support of a second or successive § 2255 petition. I would deny such a petition because Urena has not obtained an order from the Second Circuit authorizing me to consider it, as required by 28 U.S.C. § 2255(h). Because the unauthorized § 2255 petition would lack any merit, the interests of justice do not require that counsel be appointed. See 18 U.S.C.A. § 3006A.

In an earlier letter, Urena requested that counsel be appointed to assist him in seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the recent retroactive amendment to the Guidelines providing for a reduction in the base offense levels for crack cocaine offenses. Urena has not yet filed a motion to reduce his sentence.

The appointment of counsel in connection with a motion for a sentence reduction is within a district court's discretion. United States v. Reddick, 53 F.3d 462, 465 (2d Cir.

1995). "The apparent merits of the motion [are] a significant factor in the exercise of that discretion." Id. at 465 n.2.; see also Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (appointment of counsel depends on factors including the substance of the claim and the complexity of the factual and legal issues involved).

The record shows that the Court computed Urena's offense level based upon the amount of heroin, and not crack cocaine, involved in the charged conspiracy. (Sent. Tr. (dckt. no. 180) at p. 33.) It therefore appears that Urena would not be eligible for a sentence reduction under the recent crack cocaine amendment. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a) (reduction only authorized where retroactive application of the amendment would result in a lower applicable guideline range). Moreover, many defendants have filed pro se motions under this amendment without difficulty. The appointment of counsel to assist Urena with his motion is not warranted.

Accordingly, the application is denied.

**SO ORDERED.**

**Dated:** New York, New York
September 9, 2008

*/s/ John F. Keenan*
JOHN F. KEENAN
United States District Judge

-4-