UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
UNITED STATES OF AMERICA :
: No. 99 Cr. 73 (JFK)
– against – :
: MEMORANDUM OPINION
JOSE MANUEL URENA, : AND ORDER
:
*Defendant.* :
------------------------------------------------------------- X

John F. Keenan, United States District Judge:

Before the Court is defendant Jose Manuel Urena's ("Defendant") motion for reconsideration of the Court's Opinion and Order dated November 29, 2010. Defendant, currently incarcerated at FCI Bennettsville Federal Correctional Institution, renews his request that the Court vacate the criminal judgment entered on February 15, 2001, and conduct a hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), prior to resentencing him.

As discussed below, Defendant has not shown that he is entitled to reconsideration of the Court's Opinion and Order dated November 29, 2010. Accordingly, the motion is denied.

I. BACKGROUND

On February 14, 2001, the Hon. Allen G. Schwartz, United States District Judge, sentenced Defendant to a 270-month term of imprisonment after his conviction for conspiracy to distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. § 846. (Judgment in a Criminal Case 1, Feb. 15, 2011, ECF No. 168.) Judge Schwartz's sentence was based, in part, on his application of a two-level career offender enhancement pursuant to section 4B1.1 of the United States

Sentencing Guidelines. Defendant's designation as a career offender also placed him automatically in criminal history category VI. Urena appealed, and the United States Court of Appeals for the Second Circuit affirmed. *United States v. Arroyo*, 31 F. App'x 9, 12 (2d Cir. 2002).

In July 2003, Defendant filed his first motion to vacate his conviction pursuant to 28 U.S.C. § 2255.[1] In this first motion, Defendant claimed that this Court lacked jurisdiction to impose a sentence under 21 U.S.C. § 851 or section 4B1.1 of the Sentencing Guidelines, and that his trial and appellate counsel were constitutionally ineffective. *Urena v. United States*, No. 03 Civ. 6722 (JFK), 99 Cr. 73 (JFK), 2005 WL 1653888, at *1 (S.D.N.Y. July 13, 2005). The Court denied the motion because it was filed outside the one-year limitations period imposed by Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f). *Id.* at *2. The Second Circuit denied Defendant's request for a certificate of appealability, and this Court denied Defendant's motion for reconsideration of its Opinion and Order denying his first § 2255 motion. *Urena v. United States*, No. 03 Civ. 6722 (JFK), 99 Cr. 73 (JFK), 2007 WL 86941, at *2 (S.D.N.Y. Jan. 10, 2007) ("[Defendant] has not raised any arguments warranting reconsideration under" Fed .R. Civ. P. 60(b).)

After Defendant again moved for reconsideration of this Court's Opinion and Order dated July 13, 2005, the Court denied the motion on the same grounds that the Court had previously identified. *Urena v. United States*, No. 03 Civ. 6722 (JFK),

---

[1] Judge Schwartz passed away in 2003 and his criminal docket was reassigned to the undersigned.

99 Cr. 73 (JFK), 2007 WL 924527, at *1 (S.D.N.Y. Mar. 27, 2007). Defendant appealed, and the Second Circuit declined to issue a certificate of appealability.

In February 2010, Defendant moved under Rule 36 of the Federal Rules of Criminal Procedure and the All Writs Act, 28 U.S.C. § 1651, to modify the criminal judgment. In his February 2010 motion, Defendant claimed that Judge Schwartz erred when he applied the career offender enhancement in calculating Defendant's sentencing range. The Government acknowledged that Judge Schwartz's application of this enhancement was based on incorrect information, but argued that Defendant's motion should be denied because additional information not relied on by Judge Schwartz supported the application of a career offender enhancement. *Urena v. United States*, No. 99 Cr. 73 (JFK), 2010 WL 4823593, at *6–7 (S.D.N.Y. Nov. 29, 2010). The Court held that relief was not available to Defendant under either Criminal Rule 36 or the All Writs Act, and additionally agreed that Judge Schwartz's career offender finding was supported by an additional conviction upon which Judge Schwartz did not rely at the time of sentencing. *Id.* at *4–7.

In February 2012, Defendant filed the instant motion, seeking to have the Court revisit its Opinion and Order dated November 29, 2010. Defendant did not appeal.

## II. DISCUSSION

Unless a movant demonstrates that a court has "overlooked controlling decisions or factual matters that were put before the [court] on the underlying motion," the movant will not be entitled to reconsideration of an earlier ruling.

*Lichtenberg v. Besicorp Group Inc.*, 28 F. App'x 73, 74–75 (2d Cir. 2002). A district court must also hear a motion for reconsideration of an earlier ruling when review of that ruling is expressly permitted or required by statute or rule of procedure. *See, e.g.*, Fed R. Crim P. 35, 36; Fed. R. Civ. P 50, 52, 59, 60. Even if a movant shows entitlement to reconsideration, the law-of-the-case doctrine compels courts to adhere to prior legal rulings unless a party can show "compelling circumstances" warranting reconsideration. *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009). A movant can show that there are such "compelling circumstances," by pointing to "(1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Id.*

Defendant has not suggested that the Court overlooked any controlling decisions or factual matters presented by Defendant or the Government when it issued its Opinion and Order dated December 29, 2010. Furthermore, he is not entitled to reconsideration under any statute or rule of procedure. On these bases alone, Defendant's motion would be properly denied.

In the instant motion, Defendant identifies neither an intervening change in controlling law nor new evidence that would alter the result reached by the Court in its Opinion and Order denying his motion under Criminal Rule 36 or the All Writs Act. The arguments raised in Defendant's motion are identical to those that Defendant has raised previously.

Defendant has also failed to show that reconsideration of the Court's prior rulings is needed "to correct a clear error of law or to prevent manifest injustice." First, as the Court has previously noted, Defendant has failed to show that Judge Schwartz's application of a career-offender enhancement constituted "clear error" because Defendant's actual criminal history supports the application of such an enhancement. *Urena v. United States*, 2010 WL 4823593, at *7. Second, even if the application of the career-offender enhancement constituted "clear error," there would be no "manifest injustice," because in determining what sentence to impose, Judge Schwartz "granted a downward departure from the [Sentencing] Guidelines recommendation, counterbalancing the career criminal finding by decreasing [Defendant's] offense level from thirty-seven to thirty-five and decreasing [Defendant's] criminal history calculation from level VI to V." *Id.* at *6.

### III. CONCLUSION

Defendant is not entitled to reconsideration of the Court's Opinion and Order dated November 29, 2010, under any statute or rule of procedure, and has failed to show that review is otherwise warranted. Therefore his motion [ECF No. 323] is denied.

SO ORDERED.

Dated:     New York, New York
           September 5, 2012

                                        _____
                                        John F. Keenan
                                        United States District Judge